HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMY CURTIS,<br><br>            Plaintiff,<br><br>     v.<br><br>DEPARTMENT OF SOCIAL & HEALTH SERVICES, DIVISION OF CHILD SUPPORT, and ELLEN NOLAN, Program Administrator,<br><br>            Defendants. | Case No. C08-5043RBL |
| AMY CURTIS,<br><br>            Plaintiff,<br><br>     v.<br><br>DEPARTMENT OF LICENSING,<br><br>            Defendant. | Case No. C08-5277RBL<br><br><br>ORDER |

THIS MATTER comes on before the above-entitled Court upon Plaintiff's Application to Proceed *In Forma Pauperis* in C08-5277RBL. Plaintiff's proposed complaint appears to allege that her driver's license has been improperly revoked by the defendant due to an error by the Department of Social and Health Services in the calculation of her child support obligations. Plaintiff has another case pending in this Court, *Curtis v. Dept. of Social and Health Services, et. al.*, C08-5043RBL, which also arises from her challenge to the way

ORDER
Page - 1

her child support is being calculated. In C08-5043RBL plaintiff was granted leave to proceed *in forma pauperis*. A review of the file indicates that defendants have not been served with a summons and copy of the complaint as is required under Fed. R. Civ. P. 4.

The two complaints appear to arise under a common nucleus of operative facts and shall be consolidated under C08-5043RBL. However, the basis for this Court's jurisdiction is not readily apparent from the face of either of plaintiff's complaints. If plaintiff is asserting that her civil rights have been violated, her claims would arise under 42 U.S.C. § 1983. In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct complained of was committed by a **person** acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds, *Daniels v. Williams*, 474 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

Neither states nor state officials acting in their official capacities are persons for purposes of 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police,* 491 U.S. 48, 71 (1989). This rule applies equally to state agencies. *See Kaimowitz v. Board of Trustees of the Univ. of Ill.,* 951 F.2d 765, 767 (7th Cir. 1991); *Johnson v. Rodriguez,* 943 F.2d 104, 108 (1st Cir. 1991). Because they are not persons within the meaning of § 1983, plaintiff has not stated a cause of action against the Department of Social and Health Services and the Department of Licensing.

Plaintiff's claims against the state agencies are also barred by the Eleventh Amendment. The Eleventh Amendment to the United States Constitution bars a person from suing a state in federal court without the state's consent. *See Seminole Tribe of Florida v. Florida*, 116 S. Ct. 1114, 1131 (1996); *Natural Resources Defense Council v. California Dep't of Transportation*, 96 F.3d 420, 421 (9th Cir. 1996). Eleventh Amendment immunity extends to state agencies. *Pennhurst State Sch. & Hosp. v. Holdeman*, 465 U.S. 89, 101-102 (1984). Eleventh Amendment immunity is not automatically waived in actions brought under 42 U.S.C. § 1983. *Quern v. Jordan,* 440 U.S. 332 (1979). Washington has not waived the protection of the Eleventh Amendment. *Edgar v. State*, 92 Wn.2d 217 (1979).

Therefore, within 30 days of entry of this Order plaintiff shall file an amended complaint under Case No. C08-5043RBL which clearly sets forth the basis of this Court's jurisdiction and includes all claims against all defendants arising from the alleged errors in calculating her child support obligations.  **The failure to file an amended complaint within 30 days will result in the dismissal of this action.**  If plaintiff files an amended complaint over which this Court has jurisdiction, the Court will issue a further Order directing the U.S. Marshal to serve the summonses and copies of the complaint.  The Order Regarding Initial Disclosures, Joint Status Report and Early Settlement previously entered in C08-5043RBL [Dkt. #5] is hereby **STRICKEN**.  If necessary, a new Order setting forth new dates will be entered.  Plaintiff's Application to Proceed *In Forma Pauperis* filed in C08-5277RBL is **STRICKEN as MOOT.**

**IT IS SO ORDERED.**

The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing pro se.

Dated this 5th day of June, 2008.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE